CANORA FAMILY, INC.,
Plaintiff-appellant,

v.

UNIVERSAL UNDERWRITERS INSURANCE CO., Defendant-appellee.

No. 07–3036–cv.

United States Court of Appeals,
Second Circuit.

Dec. 18, 2008.

James M. O'Connor, Abraham, Lerner & Arnold, LLP, New York, NY, for Appellant.

Stanley W. Kallmann, Gennet, Kallmann, Antin & Robinson, P.C., Parsippany, NJ, for Appellee.

PRESENT: Honorable ROGER J. MINER, Honorable SONIA SOTOMAYOR, Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Canora Family, Inc. ("Canora") appeals a June 25, 2007 judgment of the United States District Court for the Southern District of New York (Brieant, *J.*), granting defendant-appellee Universal Underwriters Insurance Company's ("Universal") motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

■ Because we find the issues raised in this appeal to be resolved by the plain language of the relevant statute, we decline plaintiff's invitation to certify these questions of state law to the New York Court of Appeals. *See DiBella v. Hopkins*, 403 F.3d 102, 111 (2d Cir.2005) ("Certification is to be used in those cases where there is a split of authority on the issue, where a statute's plain language does not indicate the answer, or when presented with a complex question of New York common law for which no New York authority can be found." (quotation marks and brackets omitted)).

■ Canora asserts that Universal could not rely on its October 29, 2002 "Notice of Cancellation/Non–Renewal" (the "Notice") to secure summary judgment because that document was an "alternative renewal notice" under New York Insurance Law section 3426(e)(1)(C), which requires a second notice. We disagree. The Notice is a non-renewal letter under section 3426(e)(1)(A), which does not require a second notice. The Notice states unambiguously that the type of termination is "non-renewal" and that Canora's insurance "will cease" on the expiration date. Pursuant to section 3426(h), which mandates that all notices of non-renewal "shall set forth or be accompanied by the reason for nonrenewal," the Notice states that the "reason" for the non-renewal is "Property uninsurable with respect to Underwriting Guidelines."

■ We also reject Canora's argument that the Notice was ineffective for not meeting the requirements of Insurance Law section 3426(e)(5)(C)(ii). Notwithstanding its reference to "this subsection," that provision plainly addresses only late or alternative notices encompassed by section 3426(e)(5) because only those notices give the insured a right to coverage continuing beyond the policy expiration date. In all other cases, the insured's "rights to coverage and the duration thereof" are clear. Thus, as the Notice was neither a late nor alternative notice, section 3426(e)(5)(C)(ii) is inapplicable.

For the reasons stated, the judgment of the district court is AFFIRMED.